UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS EDWARD KITTRELL,           Civil No. 05-2796 (DSD/FLN)

      Petitioner,

v.                                         **REPORT AND RECOMMENDATION**

STUART VON WALD,

      Respondent.

This matter is before the undersigned United States Magistrate Judge on Respondent's motion to dismiss Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Respondent's motion to dismiss be denied, and that Petitioner be granted leave to file an Amended Petition.

Petitioner commenced this action by filing a habeas corpus petition, (Docket No. 1), which challenges his Minnesota state court criminal conviction for two counts of second degree assault. The petition lists three grounds for relief: (1) that Petitioner was convicted pursuant to a guilty plea that was not made knowingly and voluntarily; (2) that Petitioner's conviction and sentence violated the double jeopardy clause of the federal Constitution; and (3) that Petitioner was deprived of his federal constitutional right to effective assistance of counsel. Respondent was directed to file an Answer addressing Petitioner's claims, but Respondent instead filed the present motion seeking to have this action dismissed.

Respondent contends that this case should be summarily dismissed without reaching the merits of any of Petitioner's current claims for relief, because Petitioner

allegedly failed to exhaust his state court remedies with regard to one of his claims – namely his ineffective assistance of counsel claim. According to Respondent, Petitioner has filed a "mixed petition," i.e., a petition that includes both exhausted and unexhausted claims, which cannot be entertained in federal court. Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

Petitioner concedes, (at least implicitly), that he has not exhausted his state court remedies with regard to his ineffective assistance of counsel claim. He "suggests," however, that he should be allowed to amend his habeas corpus petition, by deleting his ineffective assistance of counsel claim, so that his two remaining claims can be addressed on the merits. (Petitioner's "Reply To Answer And Motion To Dismiss," [Docket No. 10], p. 1.) It clearly appears that Petitioner is seeking leave to amend his petition so that it contains only fully exhausted claims for relief.

The Court finds that Petitioner must be granted leave to file an amended petition that excludes all unexhausted claims, and includes only those claims that have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court. Rose, 455 U.S. at 520 (habeas petitioners who file mixed petitions "are entitled to resubmit a petition with only exhausted claims"). See also Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam) (state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims); Victor v. Hopkins, 90 F.3d 276, 280, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997) (same).

The Court will therefore recommend that Respondent's current motion to dismiss be denied, and that Petitioner be granted leave to amend his petition. If Petitioner elects to

amend, he should be required to file an <u>entirely new</u> Amended Petition, which includes only fully-exhausted claims for relief, within the next twenty (20) days.  If Petitioner files an Amended Petition in a timely manner, then Respondent should be directed to file a response to that new pleading.  If Petitioner fails to amend within the time allowed, he should be deemed to have abandoned this action, and this case should then be summarily dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Respondent's Motion to Dismiss, (Docket No. 6), be DENIED;

(2) Petitioner be given twenty (20) days from the date of this Report and Recommendation to file an Amended Habeas Corpus Petition, setting forth only "fully-exhausted" claims, i.e., claims that have fairly presented to, and decided on the merits by, the Minnesota Supreme Court; and

(3) If Petitioner does not file an Amended Petition in a timely manner, this action should be summarily dismissed without prejudice.

Dated: May 5 2006

                                           s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 24, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and

Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.